Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, CA 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUNI CHOVET, an individual, | Case No. |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | Jury Trial Demanded |
| GRAFITI HOME, INC., a Delaware Corporation; and DOES 1-10, | |
| Defendants. | |

Plaintiff Auni Chovet hereby prays to this Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff AUNI CHOVET is a professional musician residing in Los Angeles, California.

5. Upon information and belief, Defendant GRAFITI HOME, INC. is a Delaware corporation with its principal place of business located at 240 W Ivy Avenue, Inglewood, CA 90302.

6. GRAFITI HOME owns, operates, and/or controls the commercial website 7thavenue.co and its related/affiliated social media pages, including tiktok.com/@7thavenueco and instagram.com/7thavenueco.

7. Upon information and belief, at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## DEFENDANTS' INFRINGEMENT OF THE SONG

8. CHOVET created and owns the copyright in an original song titled *Twinkling Lights* and registered with the Copyright Office under Reg. No. SR 916-350.

9. CHOVET created and owns the copyright in a derivative of *Twinkling Lights* titled *Twinkling Lights (Reimagined)* and registered with the Copyright Office under Reg. No. SR 982-376.

10. *Twinkling Lights* and *Twinkling Lights (Reimagined)* are collectively referred to as "the Song."

11. CHOVET, through her distributor, distributed *Twinkling Lights* and *Twinkling Lights (Reimagined)* through the Instagram Music Library as well as through TikTok's General Music Library known as "Sounds." Artists like CHOVET add their music to the Instagram Music Library and TikTok's General Music Library to get exposure for those songs, often in the hopes of generating paid licenses for commercial uses of those songs.

12.     At the time of the infringement, Meta's Terms of Service made clear that it only authorizes personal non-commercial use of songs in the music library by Facebook users, with commercial uses needing to secure appropriate permission from the artists.[1]

13.     Similarly, at the time of the infringement at issue, TikTok's Music Terms of Service made clear that only personal non-commercial use of original Sounds on the platform was authorized, with commercial uses needing to secure appropriate permission from the artists or otherwise own all rights to the original music.[2]

14.     *Twinkling Lights* proved to be an extremely popular song, with *Twinkling Lights (Reimagined)* alone being used in 2.1 million Instagram reels and over 1 million TikTok videos.

15.     Following her publication of *Twinkling Lights* and *Twinkling Lights (Reimagined)* in Instagram's Music Library and in TikTok's General Music Library, Defendants, and each of them, used the Song without authorization in commercial posts,

[1] *See, e.g.*, Music Guidelines (https://www.facebook.com/legal/music_guidelines?paipv=0&eav=AfaZA2WtCcKp2KfLfp8hWESYKqRAEZviFiPm1riw7BUTnHlJz7gIHHWmPRl-VHsyA5k&_rdr) ("Use of music for commercial or non-personal purposes in particular is prohibited unless you have obtained appropriate licenses."); *see also* Music on Instagram | Instagram Help Center (https://help.instagram.com/402084904469945/) ("[O]ur agreements with rights holders are intended to enable personal, non-commercial uses of music.").

[2] *See, e.g.*, Music Terms of Service (https://www.tiktok.com/legal/page/global/music-terms-eea/en) ("If you're a Commercial User and you upload an Original Sound to your video, you confirm that (i) you own all the rights to the music included in the video; or (ii) the music is otherwise permitted by law; or (iii) you have permission from all necessary rights holders to use the Original Sound on the Platform."); Select Audio from the General Music Library (https://www.tiktok.com/legal/page/global/music-terms-eea/en) ("Sounds are made available to individual users to include in their videos, so long as the videos are only for personal entertainment and non-commercial purposes. You shouldn't use a music recording from Sounds for any commercial purpose—including associating the music with, or promoting, a brand or business—unless you have obtained the necessary rights to use the music in that manner); General Note (https://www.tiktok.com/legal/page/global/copyright-policy/en) ("[a]s a TikTok user, you are responsible for the content you post.").

COMPLAINT

including but not limited to at tiktok.com/@7thavenueco/video/7583372848501132557 and instagram.com/p/DSNaWsBAD3B.

16. Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

17. Due to Defendants' acts of copyright infringement, Defendants have obtained profits they would not have realized but for their infringement. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to the infringement in an amount to be established at trial.

18. Upon information and belief, Defendants, and each of them, committed copyright infringement with actual or constructive knowledge of, or with reckless disregard or willful blindness for, Plaintiff's rights, such that said acts of copyright infringement were willful.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and anyone acting in concert with Defendants and/or their agents, be enjoined from copying, publishing, reproducing, distributing, creating derivative works of, and/or publicly performing *Twinkling Lights* and *Twinkling Lights (Reimagined)* without Plaintiff's authorization absent some independent legal right;

b. That Plaintiff be awarded its losses, plus Defendants' profits, attributable to the infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## **JURY DEMAND**

COMPLAINT

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: August 10, 2026                    DONIGER / BURROUGHS

                                   By:   */s/ Stephen M. Doniger*
                                         Stephen M. Doniger, Esq.
                                         Benjamin F. Tookey, Esq.
                                         *Attorneys for Plaintiff*

COMPLAINT